**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Nishawn Green *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:17-cv-02881 |
| | ) | |
| v. | ) | Dist. Judge Hon. Charles Norgle |
| | ) | |
| Brian D. Collins *et al.*, | ) | Mag. Judge Hon. Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR PAYMENT OF EXPENSES**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiffs, through undersigned counsel, move the Court to order Defendants to pay the expenses Plaintiffs incurred in moving to compel their responses to an interrogatory. (*See* Pls.' Mot. to Compel Disc. ("Motion to Compel," ECF No. 43.)

**A. Background**

As set forth in the Motion to Compel (ECF No. 43), in December 2017 Plaintiffs served discovery on the Defendants, which included (1) several requests to admit ("RFAs") and (2) several interrogatories, one of which asked the Defendants to explain their basis for issuing denials to any of the RFAs. (*See* ECF No. 43 at 1-2 (describing RFAs and interrogatory).)

After the Defendants refused to respond to the "RFA" interrogatory on the grounds that interrogatories inquiring into RFA responses were improper (*see* ECF No. 43-4 at 3-4 (correspondence confirming that the defendants were refusing to respond to the "RFA" interrogatory on the grounds that "responding parties are not required to provide explanations for their denials of requests to admit.")), Plaintiffs' counsel provided defendants with multiple decisions approving of such interrogatories, including a decision by the Northern District of

1

Illinois observing that "[i]t is not uncommon for a party to serve a set of interrogatories that include one or more interrogatories 'seeking disclosure of the basis for each response to any request for admission which was not admitted without qualification.'" *Vergara v. City of Waukegan*, No. 04-cv-6586, 2007 WL 3334501, *4 (N.D. Ill. Nov. 6, 2007). (*See* ECF No. 43-4 at 2-3 (quoting *Vergara* and collecting cases).) The defendants rejected these authorities, and persisted in refusing to respond to the "RFA" interrogatory on grounds that they were not "required by Rule 36 to answer further interrogatories" regarding their RFA denials. (*See* ECF No. 43-4 at 1-2.)

Plaintiffs were therefore forced to devote hours drafting and filing a Motion to Compel (*see* ECF No. 43). In that motion, they relied on the same authorities, and made the same arguments, that they had made in their meet-and-confer correspondence with the defendants, explaining that an interrogatory that inquired into a party's response to an RFA was permissible under Rule 33, and indeed was a commonplace discovery tool. (**Compare** ECF 43-4 at 7-10 (Plaintiffs' counsel quotation of *Vergara*; *Scandaglia v. TransUnion Interactive, Inc.*, 2010 WL 317518, at *5 (N.D. Ill. Jan. 21, 2010); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 442 (C.D. Cal. 1998); *Deutsch v. Arrow Fin. Servs.*, *LLC*, 2009 WL 10670785, at *3 (M.D. Fla. May 1, 2009); and *Dang v. Cross*, 2002 WL 432197, at *2 (C.D. Cal. Mar. 18, 2002)), **with** ECF No. 43 (citing *Vergara*, *Scandaglia*, *Safeco*, *Deutsch*, *Dang*, and three additional decisions that relied on *Safeco*).)

In response to Plaintiffs' motion, the Defendants withdrew their objection to the Interrogatory and informed the Court that they would respond to it. (*See* ECF No. 55.) As a result of Defendants' concession, the Court mooted Plaintiffs' motion, (*see* ECF No. 56), and the Defendants subsequently responded to the "RFA" interrogatory.

## B. Legal Standard

Rule 37 provides that "[i]f the motion [to compel] is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court *must*" order the party "whose conduct necessitated the motion" to pay the moving party's reasonable expenses. Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Rule 37 thus carries a presumption that the loser in a discovery battle must pay the fees incurred in bringing the discovery motion if, after a motion to compel is filed, it concedes to turn over the material before the judge has ruled on the motion. *Rickels v. City of South Bend,* 33 F.3d 785, 787 (7th Cir. 1994). *See In re Subpoenas to Prof'l Sales & Mktg. Grp., Inc.,* No. 09 C 4864, 2010 WL 1489912, at *4 (N.D. Ill. Apr. 9, 2010) (awarding attorneys' fees for motion to compel, when response was provided after motion to compel was filed) (Keys, M.J.); *Ill. Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (same; collecting cases). A party who refused to provide discovery prior to capitulating to a motion to compel can avoid paying attorneys' fees if it can "establish[] that [its] position was substantially justified," *Rickels,* 33 F.3d at 787, but it is the burden of the party opposing payment of fees to justify this exception. *Id.* ("Rule 37(a)(4) [predecessor of Rule 37(a)(5)] presumptively requires every loser to make good the victor's costs.")

## C. Argument

Plaintiffs are entitled to attorneys' fees under the plain language of Rule 37. The Defendants only agreed to produce the requested discovery only after the motion was filed, meaning that Plaintiffs are presumptively entitled to fees. *Rickels,* 33 F.3d at 787. And the Defendants cannot show that their refusal was "substantially justified." As the correspondence attached to the Motion to Compel demonstrates, Plaintiffs' counsel engaged in an extensive meet-and-confer process with the Defendants. (ECF No. 43-4.) Eventually the Defendants took

3

the position that they would refuse to respond to the "RFA" interrogatory "on the grounds that, under the rules of civil procedure, responding parties are not required to provide explanations for their denials of requests to admit." (*See* ECF No. 43-4 at 4.)

That position was meritless. To demonstrate this, Plaintiffs provided defense counsel with multiple authorities explaining why this position was incorrect and how the "RFA" interrogatory is an established discovery tool. (*See id.* at 2-3.) The defendants, however, persisted with the same objection. (*Id.* at 1-2.) It was only after Plaintiffs filed the Motion to Compel—which relied on the same authorities that the Plaintiffs had cited in their correspondence—that the Defendants abandoned their meritless position and agreed to respond to the interrogatory.

Essentially, the Defendants only took the Plaintiffs' arguments seriously after Plaintiffs filed the Motion to Compel. That is not how discovery is supposed to work. Plaintiffs should not have been required to resort to motions practice in order for Defendants to provide them with discovery to which they were plainly entitled. As such, an award of the expenses incurred in drafting and filing that motion is appropriate. As this Court explained in *Illinois Tool Works*,

> a party may not avoid sanctions merely by producing the documents after a motion has been filed. To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice.

43 F. Supp. 2d at 960.

Defendants refused to engage in the voluntary discovery process contemplated by the discovery rules. Even though Plaintiffs provided defense counsel with authorities explaining that they had no basis to refuse to respond to the interrogatory at issue, the defendants persisted with an irrelevant objection. Indeed, it is telling that the Defendants abandoned the arguments they made in discovery rather than present them to the Court, even though the Motion to Compel was

4

grounded on the same legal arguments that the Defendants had already been presented with during the meet-and-confer process.

In the absence of any justification for their failure to answer the interrogatories – let alone a "substantial" one – Defendants are required to pay for Plaintiffs' attorneys' fees. *See, e.g., B.F.G. of Ill., Inc. v. Ameritech Corp.*, No. 99 C 4604, 2001 WL 1414468, at *7 (N.D. Ill. Nov. 13, 2001) (awarding costs incurred in preparing and filing a motion to compel) (Norgle, J.)

### D. Conclusion

For the foregoing reasons, Plaintiffs move this Court to award reasonable fees for prosecution of their Motion to Compel Discovery (ECF 43). The fees requested are set forth in Exhibit 1 to Plaintiffs' Motion for Payment of Expenses.

April 30, 2018

Respectfully submitted,

/s/ Alexis G. Chardon

Alexis G. Chardon – ali@weilchardon.com
Stephen H. Weil – steve@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
312-585-7404

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2018, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                      /s/ Alexis G. Chardon