**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NISHAWN GREEN, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | No. 17 C 2881 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| BRIAN D. COLLINS, *et al.*, | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion under Fed.R.Civ.P. 37(a)(5)(A) to recover expenses incurred in filing a motion to compel discovery. The motion to compel, filed January 23, 2018, sought a response from each defendant to plaintiff's Interrogatory No. 1. [Dkt. #43, at 6-9]. That motion stated at one point that the parties had engaged only in correspondence over the dispute [Dkt. #43, at 3, 6], and so it was denied without prejudice for failing to comply with Local Rule 37.2. [Dkt. # 47]. The plaintiff then filed a motion for reconsideration, making it clear that the parties had, indeed, engaged in both correspondence and had a couple of telephone calls and the motion was reinstated. [Dkt. #52]. Defendant's response would be due February 13, 2018; on that day, the defendant instead filed a document indicating that, after a phone call with plaintiff's counsel, they agreed to supplement their responses to Interrogatory No. 1. [Dkt. #55].

Defendant objects to the plaintiff's motion for fees because they responded to plaintiff's discovery and plaintiff suffered no prejudice. [Dkt. # 65, at 5, 6]. They submit that plaintiff's dissatisfaction with defendants' original responses to Interrogatory No. 1 is not a proper basis for seeking expenses where the court did not actually grant the motion to compel. [Dkt. # 65, at 5]. But

Rule 37(a)(5) provides otherwise, namely that:

> If the motion [to compel] is granted — *or if the disclosure or requested discovery is provided after the motion was filed* — the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Payment of expenses is not appropriate, however, if the party who necessitated the motion to compel can show that its "non-disclosure, response, or objection was substantially justified . . . ." *Id.*; *see Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994) ("A loser may avoid payment by establishing that his position was substantially justified."). Missing from the defendants' response is any showing that their original position, which they later recanted, was substantially justified. [Dkt. # 65, at 5-6].

Defendants claim plaintiff suffered no prejudice, but plaintiff did have to file a motion and, coincidentally, the defendants waited until the day their response to plaintiff's motion was due to agree to augment their interrogatory responses. But, in any case, prejudice, contrary to defendants' response, isn't part of the calculus. Nor is misconduct. The idea is that parties should be able to proceed through discovery without asking the court for intervention. The plaintiff had to ask for intervention here, and, while the court did not have to take the time resolve the dispute, the plaintiff did have to file and the court did have to review the motion. That means the defendant has to pay. *See Rickels*; *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'"); *Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys'

2

fees may redress injuries done to put-upon adversaries....).

That being said, the amount must be reasonable. *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016); *see also Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858–59 (7th Cir. 2009)(reduction of fees where work was excessive or redundant). Here, the plaintiff asks for $3,384 for 9.4 hours work on a rather simple motion to compel. A fair portion of the motion unnecessarily informed the court of a number of squabbles the parties resolved on their own. [Dkt. #43, at 3-6]. Again, that's the idea: parties taking care of discovery on their own. The court assumes that will be the rule and not the exception, so the narrative describing the parties doing what is expected of them adds nothing to the proceedings. The cases cited in the motion – *Vergara*, *Scandaglia*, *Deutsch*, *Dang*, etc. – were all researched as a part of the plaintiff's responsibility as a party to litigation handling a discovery dispute [Dkt. #43-4] without the taxpayer expense of court intervention, *see Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015); *G & G Closed Circuit Events, LLC v. Castillo*, 2016 WL 3551634, at *8 (N.D. Ill. 2016), so that research was not completely necessitated by the need to file a motion under Fed.R.Civ.P. 37. As such, it is appropriate to reduce the fee sought by a third, leaving an award of $2,256 that defendants must pay to the plaintiff.

ENTERED:
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/10/18